736 P.2d 1184

**Paul A. SMITH, a single man, Plaintiff/Appellant,**

v.

**CITY OF TUCSON, a municipal corporation, Defendant/Appellee.**

**No. 2 CA–CV 5903.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 19, 1987.

Review Denied April 28, 1987.

Paul A. Smith, in pro se.

Frederick S. Dean, Tucson City Atty. by R. William Call, Tucson, for defendant/appellee.

OPINION

FERNANDEZ, Judge.

On October 9, 1985, appellant parked his Volkswagen bus on the street in the 1200

block of East Drachman in Tucson. The area had been designated as a restricted parking area for neighborhood residents and visitors only. The restriction was clearly posted and appellant saw the signs. The appellant was not a neighborhood resident, nor did he qualify for a visitor parking permit. While appellant was away from his car, he received a parking citation for parking in a restricted area without an appropriate permit, in violation of Tucson City Code § 20–240.

Appellant did not pay the fine, nor did he appeal the citation to the parking hearing officer as provided in Tucson City Code § 28–16. Instead, appellant waited until the hearing period expired and then filed a declaratory judgment action in the superior court, challenging the constitutionality of the restricted residential parking ordinance, Tucson City Ordinance 5411. Both parties moved for summary judgment based on stipulated facts. The trial court denied appellant's motion for summary judgment and granted appellee's cross-motion. We affirm.

Appellant contends that the ordinance violates three provisions of the Arizona Constitution: 1) article 2, § 4, the due process clause; 2) article 2, § 13, the equal privileges and immunities clause; and 3) article 4, part 2, § 19(13), which prohibits local or special laws "[g]ranting to any corporation, association, or individual, any special or exclusive privileges, immunities, or franchises." Many of his arguments in that regard are answered by reference to the supreme court's decision in *Arizona Downs v. Arizona Horsemen's Foundation*, 130 Ariz. 550, 637 P.2d 1053 (1981).

■ Initially, we dispose of appellant's contentions as to the appropriate standard of review. First, the same standard is to be applied under any of the cited provisions. As the court noted in *Arizona Downs*, the equal privileges and special laws provisions are essentially addressed to opposite sides of the same coin. "Equal protection is denied when the state unreasonably discriminates *against* a person or class. Prohibited special legislation, on the other hand, unreasonably and arbitrarily

discriminates *in favor of* a person or class by granting them a special or exclusive immunity, privilege, or franchise." 130 Ariz. at 557, 637 P.2d at 1060. Second, unless the law is aimed at limiting a fundamental right or unless it discriminates against individuals on the basis of a suspect classification, such as race, it will be reviewed under the so-called "rational basis" test. That is, "the statute will be upheld if it has any conceivable rational basis to further a legitimate governmental interest." 130 Ariz. at 555, 637 P.2d at 1058. Notwithstanding appellant's strenuous argument that a more stringent level of review should be utilized, our supreme court has clearly answered this question, and we will not consider the issue further.

■ Turning then to a review of the ordinance under the rational basis test, we find that it is virtually identical in purpose and effect to the ordinance upheld by the United States Supreme Court against an equal protection claim in *County Board of Arlington County, Virginia v. Richards*, 434 U.S. 5, 98 S.Ct. 24, 54 L.Ed.2d 4 (1977). Included among its purposes were the reduction of air pollution, excessive noise, litter and unreasonable burdens placed on residents attempting to gain access to their residences, the promotion of traffic and pedestrian safety and the preservation of the character of residential areas. Although he questions some of the ordinance's stated purposes, appellant does not seriously argue that the Tucson ordinance serves no legitimate governmental interest. His principal contention is that the means utilized are improper. We believe that the Supreme Court's response to the same contention in *Richards* is equally applicable here:

To reduce air pollution and other environmental effects of automobile commuting, a community reasonably may restrict on-street parking available to commuters, thus encouraging reliance on car pools and mass transit. The same goal is served by assuring convenient parking to residents who leave their cars at home during the day. A community may also decide that restrictions on the flow of

**374**

outside traffic into particular residential areas would enhance the quality of life there by reducing noise, traffic hazards, and litter. By definition, discrimination against nonresidents would inhere in such restrictions.

The Constitution does not outlaw these social and environmental objectives, nor does it presume distinctions between residents and nonresidents of a local neighborhood to be invidious. The Equal Protection Clause requires only that the distinction drawn by an ordinance like Arlington's rationally promote the regulation's objectives.... On its face, the Arlington ordinance meets this test.

434 U.S. at 8, 98 S.Ct. at 26, 54 L.Ed.2d at 7 (footnote and citations omitted). As in *Richards,* the means chosen by the City of Tucson to further legitimate legislative goals are reasonable and are not invidiously discriminatory.

Affirmed.

LIVERMORE, P.J., and LACAGNINA, J., concur.